**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**
**CASE NO.: 1:22cv22086**

MAXIMILIAN FEIGE

        Plaintiff

    v.

CHARLOTTE BURROWS, CHAIR
OF THE EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

        Defendant(s)

_____/

**COMPLAINT**
**WITH JURY TRIAL DEMAND**

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, Title VII of the Civil Rights Act of 1991, and Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. Section 791, to correct unlawful discrimination in federal employment practices on the basis of sex, disability, and reprisal to provide appropriate relief to Plaintiff MAXIMILIAN FEIGE who was adversely affected by such practices.

As alleged with greater particularity below in paragraphs 1 through 74 Plaintiff MAXIMILIAN FEIGE ("**PLAINTIFF**" and/or "**Plaintiff FEIGE**") alleges that he was subjected to ongoing harassment (non-sexual) by the Chair of the Equal Employment Opportunity Commission Charlotte Burrows (**"Defendant"** or **"Defendant Burrows"**) discrimination against Plaintiff, on the bases of sex (male), disability (Post Traumatic Stress Disorder (PTSD), Fibromyalgia, Chronic Migraines, and Perceived Disability) and reprisal (opposition and

participation) for his involvement, individual and as a representative in OEO complaints in both

the Tampa Field Office of the EEOC (TAMPFO) and Miami District of the EEOC ("MIDO"), in

which Plaintiff opposed discrimination. Specifically, Plaintiff was denied a promotion to the GS-

13 Supervisory Investigator position in Miami. Additionally, Defendants retaliated against

Plaintiff for opposing such practices.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1337, and 1343. This action is authorized and instituted pursuant to Sections 706(f)(1) and

(3), and Section 717(c) of Title VII of the Civil Rights Act of 1964, as amended, codified

at 42 U.S.C.A. Section 2000e-16(c), 2000e-5(f)(1) and (3) et seq. ("Title VII") and section

102 of the Civil Rights Act of 1991, as amended, codified at 42 U.S.C.A. Section 1981, et

seq.; and Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. Section

791, the Civil Rights Attorney's Award Act, as amended, codified at 42 U.S.C.A. Section

1988, et seq.

2.      Venue is proper in the United State District Court for the Southern District

of Florida, Miami Division, pursuant to 42 U.S.C., 2000e-5(f)(3).  In addition, venue is

proper herein as the primary actions complained of either occurred within or were directed

within the geographical boundaries of the Miami, Florida (Southern District of Florida);

and pursuant to 28 U.S.C. Section 1391(e).

## PARTIES

3.      Plaintiff FEIGE is a male currently domiciled in Miami, Florida, and who

for all times relevant herein has been employed on a full-time basis as an employee of the

United States Equal Employment Opportunity Commission ("EEOC"). At those times

relevant to the subject of this lawsuit, Plaintiff FEIGE was assigned for his professional

work to the Miami District Office, a field office within the Miami District of the EEOC

located at 100 SE 2nd Street, Suite 1500, Miami, FL 33131 ("MIDO").

4.      At all relevant times, the EEOC has continuously been a Federal Agency doing

business in the State of Florida and within the City of Miami and has continuously had at least

15 employees. At those times relevant to the subject of this lawsuit, Plaintiff FEIGE was

employed by and assigned for his professional work MIDO.

5.      Defendant BURROWS is the Chair of the EEOC and, as such, is the Defendant,

only in her official capacity as the Chair of the EEOC. Defendant BURROWS is the senior

Executive Branch federal official responsible for the actions of the United States Equal

Employment Opportunity Commission, which is the principal subject of the allegations made

herein, and which is located at 131 M St. NE, 6th Floor, Washington, DC 20507.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES/CONDITIONS PRECEDENT

6.      From approximately August of 2020 to present, Plaintiff FEIGE suffered from

continuing violations of discrimination by Defendants as outlined in more detail herein.

7.      Plaintiff FEIGE advised MIDO management (the EEOC) of complaints of

unlawful discrimination based on sex, disability, and reprisal since approximately August of

2020.

8.      Plaintiff FEIGE timely initiated the involvement of the Equal Employment

Opportunity (EEO) Office on September 22, 2020.

9.       Plaintiff FEIGE was issued the Notice of Right to File a Formal  Complaint on

October 27, 2020. On November 5, 2020, Plaintiff FEIGE timely filed a formal EEO complaint.

10.     More than thirty (30) days prior to the institution of this lawsuit, Plaintiff FEIGE

filed a charge with the Commission alleging violations of Title VII by Defendant BURROWS.

11.     Plaintiff submitted charges of discrimination to Defendant BURROWS within

180 days of the discrimination against them.

12.     Prior to the institution of this lawsuit, Defendant BURROWS and/or representatives failed/refused to attempt to eliminate the unlawful employment practices alleged below and to effect Defendant's voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b).

13.     Thus, all conditions precedent to bringing this action have been performed or occurred.

**FACTUAL ALEEGATIONS**

14.     Plaintiff FEIGE has been an Investigator, GS-12, at MIDO since July 2014.

15.     Plaintiff FEIGE is male, disabled veteran, who has consistently been a high performer in his position, as an Investigator at MIDO; and as a result of his superior work record, he has been selected to work on complex investigations.

16.     Additionally, Plaintiff FEIGE has been served the AFGE Local 3599 Regional Steward since 2017.

17.     As AFGE Local 3599 Regional Steward, Plaintiff FEIGE represented and continues to represent EEOC employees in the Miami and Tampa offices that have been subjected to discrimination and retaliation by management. Specifically, Plaintiff FEIGE performed representational duty for sustained allegations of sexual harassment, harassment, and retaliation against MIDO management officials.

18.     Specifically, Plaintiff FEIGE representation of EEOC employees included, but is not limited, to the following individuals:

a   Mario Hernandez (Miami District Office Investigator): subjected to sexual

harassment, non-sexual harassment, and retaliation by MIDO management. (EEO Complaint No. 2018-0024); (EEO Complaint No. 2018-0005); (EEO Complaint No. 2018-0027).

b. Robert Tom (Miami District Office): subjected to sexual harassment, non-sexual harassment, and retaliation by MIDO management – (EEO Complaint No. 2018-0001).

c. Juan Nieves (Miami District Office): subjected to sexual harassment, non-sexual harassment, and retaliation by MIDO management – (EEO Complaint No. 2018-0016).

d. Haidy Elshater (Miami District Office): subjected to discrimination and retaliation by MIDO management – (EEOC Complaint No.: 2019-0005).

e. Nelson Borges (Tampa Field Office): subjected to discrimination and retaliation, by Tampa Field Director Evangeline Hawthorne, based on his sex-Male and for engaging in the protected activity of reporting discrimination.

f. Christopher Griffin (Tampa Field Office): subjected to discrimination and retaliation, by Tampa Field Director Evangeline Hawthorne, based on his sex-Male and for engaging in the protected activity of reporting discrimination.

19.     Plaintiff FEIGE's representation of the individuals listed in sub- paragraphs 18 (a)-(d) resulted in the termination, demotion, or relocation of several management officials in MIDO.

20.     On May 29, 2020, an Enforcement Supervisor position was announced and opened under vacancy announcement ST-10738620-20-JB

21.     During June and July of 2020, interviews were held for the Enforcement

Supervisor position was announced and opened under vacancy announcement ST-10738620-20-JB.

22.     On August 4, 2020, the Enforcement Supervisor position was re-announced and re-opened under vacancy announcement ST-108881827-20-TD.

23.     Bradley Anderson ("Mr. Anderson"), Acting District Director for the Miami District Office from late May 2020 through March 1, 2021. Mr. Anderson was the Selecting Official for the Enforcement Supervisor positions listed under vacancy announcements ST-10738620-20-JB and ST-110 108881827-20-TD.

24.     Timothy Riera ("Mr. Riera"), the Acting Deputy Director for the Miami District Office from late May 2020 to October 2020, was the lead interviewer on the interview panels for the Enforcement Supervisor positions listed under vacancy announcements ST-10738620-20-JB and ST-110 108881827-20-TD.

25.     Evangeline Hawthorne ("Ms. Hawthorne"), Director of Tampa Field Office since October 2016, served on the interview panel that interviewed Plaintiff for the Enforcement Supervisor position listed under vacancy announcement ST-10738620-20-JB. Ms. Hawthorne also served on the interview panel that interviewed the candidates for the Supervisory Equal Opportunity Investigator position under vacancy announcement ST-110 108881827-20-TD.

26.     Kimberly Anderson ("Ms. Anderson"), Program Analyst, GS-14 at the Office of Field Programs/Field Management Programs in Washington, D.C., served on the interview panel that interviewed Complainant for the Enforcement Supervisor position listed under vacancy announcement ST-10738620-20-JB.

27.     Miguel Escobar ("Mr. Escobar") Enforcement Manager at MIDO since August 2020, served as an interviewer for the Supervisory Equal Opportunity Investigator position under

vacancy announcement ST-110 108881827-20-TD.

28.     Wesley Katahira ("Mr. Katahira"), Attorney Advisor-Senior Program Analyst, GS-14, since November 2006 at the Office of Field Programs/Field Management Programs in Washington, D.C., interviewed the selectees for the Enforcement Supervisor position listed under vacancy announcement ST-10738620-20-JB.

29.     Jennifer Blank ("Ms. Blank"), Executive Resource Program Manager, GS-14, since February 2020, at the Office of the Chief Human Capital Officer (OCHCO) in Ellwood City, PA., made the eligibility determinations for candidates that applied for the Supervisory Equal Opportunity Investigator positions under vacancy announcements ST-10738620-20-JB and ST-110 108881827-20-TD.

30.     At all material times, Plaintiff FEIGE, in his capacity as a union steward, was involved in an investigation against Evangeline Hawthorne.

## COUNT I
## (VIOLATION OF TITLE VII-UNLAWFUL RETALIATION)

31.     Plaintiff restates and re-alleges the allegations of Paragraphs 1-30 of the Complaint, as if fully set forth herein.

32.     Plaintiff initially engaged in lawful protected activity in 2017 and 2020, when he represented the interest of other employees), as set forth above in at Paragraphs 18 (a)-(f), as a Union steward at in their discrimination complaints and employee relations issues.

33.     Defendant's management officials, as set forth above in at Paragraphs 23-29, were aware that Plaintiff engaged in protected activity as set forth in Paragraph 32, because he was a "recognized agent" by the management officials, as set forth above in at Paragraphs 23-29, and his protected activities are common knowledge in MIDO and TAMPFO. Additionally, Plaintiff FEIGE, in his capacity as a union steward, was involved in an investigation against Evangeline

Hawthorne.

34.     As a direct result of engaging in lawful protected activity in 2017 and 2020, when he represented the interest of other employees), as set forth above in at Paragraphs 18 (a)-(f), as a Union steward in their discrimination complaints and employee relations issues, Plaintiff was subjected to numerous predicate acts of retaliation, when taken together, as a whole, changes his status as an employee; and constitutes actionable adverse employment action(s). Specifically, Defendant's management officials, as set forth above in at Paragraphs 23-29, subjected Plaintiff to retaliation that included, but was not limited to:

a. From August 4, 2022, through September 27, 2020, Defendant denied Plaintiff the opportunity to interview for the Enforcement Supervisor position (vacancy announcement ST-108881827-20-TD). Instead, Plaintiff was told that his interview for vacancy announcement ST-10738620-20-JB was considered for vacancy announcement ST-108881827-20-TD.

b. On or about August 16, 2020, Plaintiff was not selected for the Enforcement Supervisor position listed under vacancy announcement ST-10738620-20-JB.

c. On or about September 8, 2020, Defendant deemed Plaintiff ineligible for the Schedule A appointment of vacancy announcement ST-108881827-20-TD, despite the fact that Plaintiff made the Veterans Certificate, Merit Promotion, and Schedule A for the Enforcement Supervisor announced as ST-10738620-20-JB.

d. On or about September 27, 2020, Plaintiff was not selected for the Enforcement Supervisor position listed under vacancy announcement ST-108881827-20-TD. Instead of selecting Plaintiff FEIGE for the Enforcement Supervisor position listed under vacancy announcement ST-108881827-20-TD, Defendant selected a

female who was not on the certificate of eligible for the same position announced under vacancy announcement ST-10738620-20-JB.

35. On September 22, 2020, Plaintiff FEIGE initiated the involvement of the Equal Employment Opportunity (EEO) Office on the basis that he was being discriminated against by Defendant's management officials, as set forth above in at Paragraphs 23-29, on the basis of his sex (male), disability (PTSD, Ortho, Neuro, and Perceived Disability) and reprisal (engaging in protected activity).

36. Defendant's management officials, as set forth above in at Paragraphs 23-29, were aware of Plaintiff's protected activity set forth in Paragraph 35, as said management officials were the subject of Plaintiff's EEO complaint.

37. As a direct result of engaging in lawful protected activity set forth in Paragraph 35, Plaintiff was subjected to numerous predicate acts of retaliation, when taken together, as a whole, changes his status as an employee; and constitutes actionable adverse employment action(s). Specifically, Defendant's management officials, as set forth above in at Paragraphs 23-29, subjected Plaintiff to retaliation that included, but was not limited to:

a. From September 22, 2022, through September 27, 2020, Defendant denied Plaintiff the opportunity to interview for the Enforcement Supervisor position (vacancy announcement ST-108881827-20-TD). Instead, Plaintiff was told that his interview for vacancy announcement ST-10738620-20-JB was considered for vacancy announcement ST-108881827-20-TD.

b. On or about September 27, 2020, Plaintiff was not selected for the Enforcement Supervisor position listed under vacancy announcement ST-108881827-20-TD. Instead of selecting Plaintiff FEIGE for the Enforcement Supervisor

position listed under vacancy announcement ST-108881827-20-TD, Defendant selected a female candidate, who was not even on the certificate of eligible for the same position announced under vacancy announcement ST-10738620-20-JB.

38.     There was a causal connection between Plaintiff's FEIGE's protected activity described in Paragraph 32-33, and the subsequent adverse actions, as set forth in Paragraphs 34 (a)-(d). Additionally, there was a causal connection between Plaintiff's FEIGE's protected activity described in Paragraph 35, and the subsequent adverse actions, as set forth in Paragraphs 37 (a)-(b).

39.     The retaliation endured by Plaintiff FEIGE, which he was subjected to by Defendant's management officials, set forth above in at Paragraphs 23-29, would clearly dissuade a reasonable employee in his position, from making complaints of discrimination and or harassment in the workplace.

40.     Defendant BURROWS, acting through its authorized representatives, retaliated against Plaintiff FEIGE, for engaging in workplace protected activity as set forth in Paragraph 32-38, in direct violation of Section 704(a) of Title VII, 42 U.S.C. Section 2000e-3 (a),

41.     Due to the repeated unlawful conduct of the Defendant, the Plaintiff has retained undersigned counsel, and the Plaintiff is obligated to pay reasonable attorney's fees and costs.

WHEREFORE, the Plaintiff, MAXIMILIAN FEIGE, respectfully requests that this Court enter judgment against the Defendant, Burrows, as Chair of the Equal Employment Opportunity Commission, and find that the Defendant indeed violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-3(a), for engaging in predicate unlawful acts of retaliation, and order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of front pay, back pay, as applicable, as well as compensatory damages;

B. Award the Plaintiff her costs and a reasonable attorney's fee;

C. Enjoin the Defendant from continuing its discriminatory practices: and

D. Grant any and all appropriate relief, which the Court deems to be just, proper and equitable.

## COUNT II
## (VIOLATION OF TITLE VII-UNLAWFUL GENDER DISCRIMINATION)

42.     Plaintiff FEIGE restates and re-avers the allegations of Paragraphs 1-30 of the Complaint, as if fully set forth herein.

43.     Plaintiff FEIGE is a male, who has consistently been a high performer in his position, as an Investigator at MIDO; and who at all relevant times was qualified for the Enforcement Supervisor positions listed under vacancy announcement ST-108881827-20-TD and under vacancy announcement ST-10738620-20-JB.

44.     At all relevant times, Defendant's management officials, as set forth above in at Paragraphs 23-29, were aware that Plaintiff FEIGE was a male.

45.     On or about July 2020, Plaintiff was interviewed by Defendant's management officials, as set forth above in at Paragraphs 23-29, for the Enforcement Supervisor position listed under vacancy announcement ST-10738620-20-JB

46.     On August 4, 2020, Plaintiff was discriminated against, on the basis of his sex (male), when the Enforcement Supervisor position under vacancy announcement ST-10738620-20-JB was re-announced and re-opened under vacancy announcement ST-108881827-20-TD in order for Defendant's management officials, as set forth above in at Paragraphs 23-29, to preselect a female candidate who did not appear on the Certificate of Eligibles for vacancy announcement ST-10738620-20-JB.

47.    From August 4, 2022, through September 27, 2020, Plaintiff was discriminated against, on the basis of his sex (male), when Defendant denied Plaintiff the opportunity to interview for the Enforcement Supervisor position (vacancy announcement ST-108881827-20-TD) because Defendant's management officials, as set forth above in at Paragraphs 23-29, to preselect a female candidate to fill the vacancy. Instead, Defendant communicated to Plaintiff that his interview for vacancy announcement ST-10738620-20-JB would be considered for vacancy announcement ST-108881827-20-TD.

48.    On or about August 16, 2020, Plaintiff was discriminated against, on the basis of his sex (male), when Plaintiff was not selected by Defendant's management officials, as set forth above in at Paragraphs 23-29, for the Enforcement Supervisor position listed under vacancy announcement ST-10738620-20-JB.

49.    On or about September 27, 2020, Plaintiff was discriminated against, on the basis of his sex (male), when Plaintiff was not selected by Defendant's management officials, as set forth above in at Paragraphs 23-29, for the Enforcement Supervisor position listed under vacancy announcement ST-108881827-20-TD because Defendant's management officials, as set forth above in at Paragraphs 23-29, selected a female candidate for the vacancy.

50.    Instead of selecting Plaintiff FEIGE for the Enforcement Supervisor position listed under vacancy announcement ST-108881827-20-TD, Defendant pre-selected a female candidate who was not even on the certificate of eligible for the same position announced under vacancy announcement ST-10738620-20-JB.

51.    It is patently unlawful for the Agency to make personnel decisions on the basis of gender and or to make gender-based personnel decisions and or classification, which is precisely the misconduct, which Defendant's management committed as set forth in Paragraphs 46-50.

52.     Plaintiff was singled out and discriminated and treated in an unlawful disparate manner. as compared to similarly situated employees outside of his protected class, on the basis of his gender, when he was treated in an unlawful disparate manner, on the basis of her gender, based on the predicate acts of disparate treatment, based on gender. as set forth in Paragraphs 43-50.

53.     As a direct and proximate result of the Defendant's workplace misconduct, set forth in Paragraphs 46-50, Defendant committed unlawful gender discrimination, with regard to the Plaintiff.

54.     As a direct and proximate result of the Defendant's workplace misconduct, set forth in Paragraphs 46-50, Plaintiff has suffered emotional and mental anguish, as well as pecuniary losses.

55.     Based upon the filing of this action, Plaintiff has retained the undersigned counsel, and as a result thereof, she has incurred attorney's fees and costs.

WHEREFORE, the Plaintiff, MAXIMILIAN FEIGE, respectfully requests that this Court enter judgment against the Defendant, Burrows, as Chair of the Equal Employment Opportunity Commission, and find that the Defendant indeed violated Title VII of the Civil Rights Act of 1964. as amended. 42 U.S.C. Section 2000e-2(a), for engaging in an unlawful act of disparate treatment, contrary to the law, and order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of front pay, back pay, as applicable, as well as compensatory damages;

B. Award the Plaintiff her costs and a reasonable attorney's fee;

C. Enjoin the Defendant from continuing its discriminatory practices: and

D. Grant any and all appropriate relief, which the Court deems to be just, proper and equitable.

## COUNT III
## (VIOLATION OF THE REHABILITATION ACT –DISABILITY DICRIMINATION)

56.     Plaintiff FEIGE restates and re-avers the allegations of Paragraphs 1-30 of the Complaint, as if fully set forth herein.

57.     At all times relevant to this Complaint, Plaintiff was an "employee" and the Defendant was an "employer" within the meaning of Section 504 of the Rehabilitation Act of 1973 29 U.S.C. § 794 et seq.

58.     Plaintiff is disabled or was perceived by Defendant as being disabled.

59.     In 2012, Plaintiff FEIGE was diagnosed as suffering from Post-Traumatic Stress Disorder (PTSD).

60.     In 2019, Plaintiff FEIGE was diagnosed as suffering from Fibromyalgia and Chronic Migraines.

61.     Plaintiff's FEIGE's disabilities are common knowledge at MIDO.

62.     Plaintiff FEIGE's disability status has been noted on all his SF-50 Personnel Action forms with the Agency, which were reviewed by Defendant's management officials, as set forth above in at Paragraphs 23-29, for the Enforcement Supervisor position under vacancy announcement ST-10738620-20-JB and ST-108881827-20-TD.

63.     Plaintiff FEIGE's veteran status information was on his application materials that was reviewed by Defendant's management officials, as set forth above in at Paragraphs 23-29, for the Enforcement Supervisor position under vacancy announcement ST-10738620-20-JB and ST-108881827-2.

64.     Plaintiff FEIGE made the Veterans Certificate, Merit Promotion, and Schedule A when he applied for the first the Enforcement Supervisor position under vacancy announcement ST-10738620-20-JB.

65.     Plaintiff FEIGE made the Certificate of Eligible for the Enforcement Supervisor position under vacancy announcement ST-10738620-20-JB.

66.     Plaintiff FEIGE has consistently been a high performer in his position, as an Investigator at MIDO; and as a result of his superior work record, he has been selected to work on complex investigations. Plaintiff FEIGE was qualified for the Enforcement Supervisor position under vacancy announcement ST-10738620-20-JB and vacancy announcement ST-108881827-20-TD.

67.     On August 4, 2020, Plaintiff was discriminated against, on the basis of his disability (PTSD, Fibromyalgia, Chronic Migraines, and Perceived Disability), when the Enforcement Supervisor position under vacancy announcement ST-10738620-20-JB was re-announced and re-opened under vacancy announcement ST-108881827-20-TD in order for Defendant's management officials, as set forth above in at Paragraphs 23-29, to preselect a non-disabled candidate who did not appear on the Certificate of Eligible for vacancy announcement ST-10738620-20-JB.

68.     From August 4, 2022, through September 27, 2020, Plaintiff was discriminated against, on the basis of his disability (PTSD, Fibromyalgia, Chronic Migraines, and Perceived Disability), when Defendant denied Plaintiff the opportunity to interview for the Enforcement Supervisor position (vacancy announcement ST-108881827-20-TD) because Defendant's management officials, as set forth above in at Paragraphs 23-29, to preselect a non-disabled candidate to fill the vacancy. Instead, Plaintiff was told that his interview for vacancy announcement ST-10738620-20-JB was considered for vacancy announcement ST-108881827-20-TD.

69.     On or about August 16, 2020, Plaintiff was discriminated against, on the basis of

his disability (PTSD, Fibromyalgia, Chronic Migraines, and Perceived Disability), when Plaintiff

was not selected by Defendant's management officials, as set forth above in at Paragraphs 23-29,

for the Enforcement Supervisor position listed under vacancy announcement ST-10738620-20-JB

because a non-disabled candidates were selected for the vacancy.

70.     On or about September 8, 2020, Defendant deemed Plaintiff ineligible for the

Schedule A appointment of vacancy announcement ST-108881827-20-TD, despite Plaintiff being

deemed eligible for position under vacancy announcement ST-10738620-20-JB.

71.     On or about September 27, 2020, Plaintiff was discriminated against, on the basis

of his disability (PTSD, Fibromyalgia, Chronic Migraines, and Perceived Disability), when

Plaintiff was not selected for the Enforcement Supervisor position listed under vacancy

announcement ST-108881827-20-TD.

72.     Instead of selecting Plaintiff FEIGE for the Enforcement Supervisor position

listed under vacancy announcement ST-108881827-20-TD, Defendant's management officials, as

set forth above in at Paragraphs 23-29, selected a non-disabled candidate.

73.     Plaintiff has suffered and will continue to suffer direct and indirect injury as a

result of Defendant's discrimination until the Defendant is compelled to comply with the

requirements of the Rehabilitation Act.

74.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's

fees, costs, and litigation expenses from the Defendant pursuant to the Rehabilitation Act, 29

U.S.C. § 794a.

WHEREFORE, the Plaintiff, MAXIMILIAN FEIGE, respectfully requests that this Court

enter judgment against the Defendant Burrows, as Chair of the Equal Employment Opportunity

Commission, and find that the Defendant indeed violated § Section 501 of the Rehabilitation Act

of 1973, as amended, 29 U.S.C.A. Section 791, for engaging in an unlawful act of disparate treatment, contrary to the law, and order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of front pay, back pay, as applicable, as well as compensatory damages;

B. Award the Plaintiff her costs and a reasonable attorney's fee;

C. Enjoin the Defendant from continuing its discriminatory practices: and

D. Grant any and all appropriate relief, which the Court deems to be just, proper and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule 38(b), trial by jury on all issues presented herein is respectfully demanded.

Dated: July 9, 2022

 */s/ David M. Fraguio*
**DAVID M. FRAGUIO, ESQ.**
Florida Bar No.: 1016475
**JOSÉ A. SOCORRO, ESQ.**
Florida Bar No.: 011675
AZOY SOCORRO, LLP
*Attorneys for Plaintiff*
2020 Ponce de Leon Blvd.,
Suite 1008
Coral Gables, Florida 33134
Tel: (305) 340-7542
Fax: (305) 418-7438
Email: jose@azoysocorro.com;
david@azoysocorro.com